UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

KEVIN LEE JACKSON )
) No. 1:09-cr-98/1:12-cv-115
v. ) *Judge Mattice*
)
UNITED STATES OF AMERICA )

**MEMORANDUM**

Kevin Lee Jackson ("Jackson"), a federal inmate, has filed a *pro se* motion for post-conviction relief pursuant to 28 U.S.C. § 2255 (Criminal Court Doc. 667).[1] After entering a guilty plea to conspiracy to manufacture, distribute, and possess with intent to distribute 50 grams or more of cocaine base ("crack") and 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine hydrochloride, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A), Jackson received a 262 month sentence on April 26, 2010 (Criminal Court Doc. 444). Jackson alleges counsel failed to file an appeal as directed.

Jackson also filed what the Court construes as an amendment to his § 2255 motion, citing to *DePierre v. United States,*[2] wherein the Supreme Court specifically held "the term 'cocaine base' as used in § 841(b)(1) means not just 'crack cocaine,' but cocaine in its chemically basic form." *Id.* at 2237.

Because Jackson's § 2255 motion is time-barred, the United States Attorney is not required to file an answer in this matter. For the reasons explained below, the Court

---

[1] Each document will be identified by the Court File Number assigned to it in the underlying criminal case.

[2] 131 S.Ct. 2225 (2011).

concludes both Jackson's § 2255 motion and amendment will be **DENIED** as time-barred (Criminal Court Docs. 667, 668) and this action will be **DISMISSED** in its entirety.

I. **APPLICABLE LAW**

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), there is a one-year statute of limitation for filing a § 2255 motion. *See* 28 U.S.C. § 2255. Title 28 U.S.C. 2255(f) provides, in relevant part, that the one-year limitations period for federal inmates seeking relief under this section shall run from the latest of–

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant is prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

II. **TIMELINESS**

The statute of limitations in Jackson's case began to run from the date on which his judgment of conviction became final. 28 U.S.C. § 2255(f)(1). Jackson was sentenced to a term of imprisonment for 262 months on April 26, 2010 (Criminal Court Doc. 444). Jackson did not pursue a direct appeal. When a § 2255 movant does not pursue a direct appeal to the court of appeals, his conviction becomes final on the date

2

on which the time for filing such appeal expired. *Sanchez-Castellano v. United States*, 358 F.3d 424, 425 (6th Cir. 2004). Jackson's judgment was entered on April 30, 2010. Federal Rules of Appellate Procedure 4(b)(1)(A) provides that a notice of appeal has to be filed in the district court within fourteen (14) days after entry of the judgment being appealed. Rule 26(a) of the Federal Rules of Appellate Procedure provides that weekends and holidays are counted in calculating the fourteen-day period. Therefore, under these rules, Jackson had until May 14, 2010, to file a notice of appeal.[3] Thus, the one-year statute of limitations began to run on May 15, 2010, the day after the expiration of the time for filing a notice of appeal.

Jackson had one year from the time his judgment of conviction became final to file his § 2255 motion. May 14, 2010, was the date Jackson's right to file an appeal expired. Thus, Jackson was required to file his § 2255 motion no later than May 16, 2011. A motion filed by a prisoner is deemed filed when given to the prison authorities for mailing. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997), (citing *Houston v. Lack*, 487 U.S. 266, 270-71 (1988)). Jackson gave prison authorities his motion for mailing on April 6, 2012 (Criminal Court Doc. 667). Jackson's § 2255 is time-barred as it was filed almost one year after the expiration of the one-year statute of limitation for filing his § 2255 motion (Criminal Court Doc. 667).

As discussed above, normally the date on which the statute of limitations begins to run would be the date the movant's judgment became final. 28 U.S.C. § 2255(f)(1). Although there are certain circumstances which permit the statute of limitations to begin

---

[3] Rule 26(a)(1)(B) directs that all days be counted in calculating a period of days, including holidays and weekends, unless the last day of the period falls on a holiday or weekend.

3

to run on a different date, Jackson does not argue nor does the record demonstrate that his statute of limitations should be calculated from any date other than the date his judgment became final.

Likewise, Jackson's amendment is untimely and Jackson's reliance on the Supreme Court's *DePierre* decision is misplaced. Jackson does not explain how *DePierre* is applicable in his case and the Court does not find that it has any bearing on any factual or legal issue in Jackson's case. In *DePierre* the Court explained that "the most natural reading of the term 'cocaine base' is 'cocaine in its base form'−*i.e.,* . . ., the molecule found in crack cocaine, freebase, and coca paste[;]" *id.* at 2231. As previously noted, the *DePierre* Court held the term "cocaine base" as used in 21 U.S.C. § 841 includes more than just "crack cocaine" i.e., it also includes "cocaine in its chemically basic form." *DePierre v. United States*, 131 S.Ct. 2237. Jackson pleaded guilty to drug charges involving a mixture containing a detectable amount of cocaine base and a mixture containing a detectable amount of cocaine hydrochloride. Consequently, aside from the fact that the Supreme Court has not held that *DePierre* is retroactively applicable to cases on collateral review, the Court concludes that Jackson has not demonstrated *DePierre* is applicable to the facts of his case.

Accordingly, the statute of limitations for filing a timely § 2255 motion in his case expired on May 16, 2011, almost one year before Jackson filed the instant motion and amendment.

4

### III. CONCLUSION

Accordingly, both Jackson's § 2255 motion and amendment will be **DENIED** as time-barred and this action will be **DISMISSED** in its entirety (Criminal Court Docs. 667, 668).

An appropriate judgment order will enter.

                                       */s/ Harry S. Mattice, Jr.*
                                       HARRY S. MATTICE, JR.
                                       UNITED STATES DISTRICT JUDGE